**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                                                              :
SAFIA BEGUM, on behalf of herself and all    :
others similarly situated,                                 :
                                                              :
                            Plaintiff,                      :    Civil Action No.
                                                              :
vs.                                                           :    **CLASS ACTION COMPLAINT AND**
                                                              :    **JURY TRIAL DEMAND**
MICHAEL HARRISON, ATTORNEY AT LAW, :
                                                              :
                            Defendant.                   :
                                                              :
——————————————————— X

Plaintiff SAFIA BEGUM (hereinafter "Plaintiff"), on behalf of herself and all

others similarly situated, by and through her undersigned attorney, alleges against the

above-named Defendant MICHAEL HARRISON, ATTORNEY AT LAW (hereinafter

"Defendant"), his employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.        Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the City of Hicksville in the

State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon Information and Belief, Michael Harrison, Attorney at Law, is

an attorney engaged in the business of collecting debts in this state with his principal

place of business located at 3155 Route 10 East, Suite 214, Denville, New Jersey. The principal purpose of Michael Harrison, Attorney at Law is the collection of debts in this state and Michael Harrison, Attorney at Law regularly attempts to collect debts alleged to be due another.

9.      Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who received collection lawsuits from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action.

- All New Jersey consumers against whom Defendant filed a collection lawsuit and which the lawsuit was filed in a county in which the consumer did not sign the contract sued upon or the lawsuit was filed in a county in which the consumer did not reside in at the commencement of the lawsuit.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

3

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received collection lawsuits that were not filed in either the county in which the consumer signed the contract sued upon or in the county in which the consumer did not reside at the commencement of the action.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

4

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire
Class, thereby making appropriate final injunctive relief or
corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is
defined by 15 U.S.C. §1692a(3).

14.    Defendant collects and attempts to collect debts incurred or alleged to
have been incurred for personal, family or household purposes on behalf of creditors
using the United States Postal Service, telephone and/or the Internet.

15.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.    Sometime prior to September 27, 2019, Plaintiff allegedly incurred a
financial obligation to OB/GYN Women's Wellness, PC related to medical services.
("the Debt").

17.    The alleged medical services giving rise to the Debt and the place that the
services were rendered were in either Passaic or Bergen County New Jersey.  Any
contract signed for the medical services was signed in either Passaic or Bergen County,
New Jersey.

18.    The Debt arose out of a transaction in which money, property, insurance
or services, which are the subject of the transaction, are primarily for personal, family or
household purposes.

19.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    OB/GYN Women's Wellness, PC is a "creditor" as defined by 15 U.S.C. §
1692a(4).

6

21.     Sometime prior to August 12, 2019, OB/GYN Women's Wellness, PC, either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

22.     At the time the Debt was assigned, placed or transferred to Defendant the Debt was in default.

23.     On or about August 12, 2019, Defendant sent Plaintiff a collection letter to Plaintiff at her home address located in Hicksville, NY in an attempt to collect the Debt. Attached as Exhibit A is a copy of the August 12, 2019 collection letter.

24.     On or about September 18, 2019, Defendant sent another collection letter to Plaintiff at her home address located in Hicksville, NY in an attempt to collect the Debt.  Attached as Exhibit B is a copy of the September 18, 2019 collection letter.

25.     Five days after sending the second collection letter to Plaintiff at her home in New York, on or about, September 27, 2019, Defendant filed a lawsuit against Plaintiff on behalf of OB/GYN Women's Wellness, PC entitled OB/GYN Women's Wellness, PC v. Begum, Hud-DC-012024-19 ("the State Court Action") in Hudson County in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part, to recover monies related to the Debt.  Attached as Exhibit C is a copy of the state court action.

26.     At the time that the State Court Action was filed, Defendant was a resident of Hicksville, New York and not Hudson County, New Jersey.

27.     At the time that Defendant filed the State Court action, Defendant was well aware that Plaintiff was not a resident of Hudson County since Defendant had sent Plaintiff two collection letters to her home address in Hicksville, New York prior to filing the State Court Action.

28.      Furthermore, Plaintiff never signed a contract for the medical services giving rise to the debt in Hudson County, New Jersey.

29.      As such, Defendant filed the State Court Action in a county in which Plaintiff did not sign the contract sued upon or in which Plaintiff resided at the commencement of the action.

30.      Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

31.      Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

32.      Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

33.      Defendant violated Plaintiff's right to a trustful and fair debt collection process.

34.      Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

35.      Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36.      The documents Defendant filed in the Court provided confusing and incorrect information and caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

37.      Defendant's communications were designed to cause Plaintiff to suffer a

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

38.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

39.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

40.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

41.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

42.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

## POLICIES AND PRACTICES COMPLAINED OF

43.    It is Defendant's policy and practice to file collection lawsuits against consumers  which violate the FDCPA, by *inter alia*:

        (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By filing lawsuits in judicial district in which the consumer did not reside at the time the suit was filed or in which the contract for goods and/or services was not signed;

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

44.    On information and belief, Defendant filed lawsuits in the improper venue with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

45.    Plaintiff repeats the allegations contained in paragraphs 1 through 44 as if the same were set forth at length.

46.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

47.    By filing collection lawsuits against consumers in improper venues, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. § 1692e(5) by filing collection actions in a court in a county in which the consumer neither resided at the time suit was filed nor in which the contract for goods and/or services was signed;.

C.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

D. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

E. 15 U.S.C. § 1692i(a)(2) by filing collection actions in a court in a county in which the consumer neither resided at the time suit was filed nor in which the contract for goods and/or services was signed;.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(b) Awarding pre-judgment interest;

(c) Awarding post-judgment interest;

(d) Awarding reasonable attorneys' fees, costs and expenses; and

(e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
     September 25, 2020

Respectfully submitted,


By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*

11

**<u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: September 25, 2020                    By: <u>s/ Lawrence C. Hersh</u>
                                             Lawrence C. Hersh, Esq

EXHIBIT A

# MH MICHAEL HARRISON
**ATTORNEY AT LAW**

3155 STATE ROUTE 10 - SUITE 214
DENVILLE, NJ 07834-3430

08/12/19

| | |
|---|---|
| Account Number: | OWH77292696 |
| Provider: | OB/GYN WOMEN S WELLNESS,PC |
| Type of Service: | OB/GYN |
| Place of Service: | CLIFTON AVE.,CLIFTON NJ |
| Patient: | Safia Begum |
| Balance Due: | $19,160.00 |

**Please call Mon.-Fri. 9am-5pm
(973) 989-4227**



NYCDCA License # 2037329-DCA

Safia Begum:

The account detailed above has been placed with this office for collection of your past-due balance. This account is delinquent and requires your prompt attention. In order to clear your account, payment may be made by check, money order, credit card, debit card or payment can be made online at www.mhesq.com. Kindly send payment indicating your account number and patient name in order to insure proper credit.

If you have any questions or wish to discuss the details of this account, please contact this office. It is our desire to help you resolve this matter as quickly as possible. Please be aware that this letter is not an implied or actual threat of a lawsuit on the debt referenced above.

Thank you for your anticipated cooperation.

Yours truly,
Michael Harrison

WE ARE DEBT COLLECTORS. THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES DEBT COLLECTORS TO ADVISE YOU OF YOUR LEGAL RIGHTS AND TO ENSURE THAT THE STATEMENTS OR REPRESENTATIONS CONTAINED IN THIS LETTER SHALL NOT BE FALSE OR MISLEADING.

**SEE REVERSE SIDE FOR INFORMATION REGARDING YOUR LEGAL RIGHTS**

NJ1/MHAR/709015551241          Please detach and return in the enclosed envelope with your payment          4462/000002890/000000011

---

**IF PAYING BY CREDIT CARD, FILL OUT BELOW.**

VISA ☐ MasterCard ☐ Discover ☐ American Express®

| CARD NUMBER | SECURITY/CVV2 CODE |
|---|---|
| SIGNATURE | EXP. DATE |
| PRINTED NAME | ACCOUNT NUMBER OWH77292696 |

PATIENT NAME
Safia Begum

| BALANCE DUE $19,160.00 | SHOW AMOUNT PAID HERE |
|---|---|

# MH MICHAEL HARRISON
ATTORNEY AT LAW
3155 STATE ROUTE 10 - SUITE 214
DENVILLE, NJ 07834-3430

08/12/19

Safia Begum
25 Glenbrook Rd
Hicksville, NY 11801-4836

MICHAEL HARRISON ATTORNEY AT LAW
3155 STATE ROUTE 10 - SUITE 214
DENVILLE, NJ 07834-3430

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID. THE THIRD CIRCUIT COURT OF APPEALS HAS DETERMINED THAT ANY DISPUTE TO A DEBT COLLECTOR MUST BE MADE IN WRITING.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT AND ANY COPY OF A JUDGMENT, OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR AND WILL PROVIDE THE INFORMATION TO YOU IN WRITING.

EXHIBIT B

# MH MICHAEL HARRISON
## ATTORNEY AT LAW

### 3155 STATE ROUTE 10 - SUITE 214
### DENVILLE, NJ 07834-3430

09/18/19

| | |
|---|---|
| Account Number: | OWH77292696 |
| Provider: | OB/GYN WOMEN S WELLNESS,PC |
| Type of Service: | OB/GYN |
| Place of Service: | CLIFTON AVE.,CLIFTON NJ |
| Patient: | Safia Begum |
| Balance Due: | $19,160.00 |

**Please call Mon.-Fri. 9am-5pm (973) 989-4227**



NYCDCA License # 2037329-DCA

Safia Begum:

As set forth in our previous correspondence, the account detailed above has been placed with this office for collection. To date you have failed to satisfy your delinquent account. While we have no desire to continue our collection efforts, nonpayment of your account will leave us with no alternative. I trust that you will be guided accordingly.

Payment may be made by check, money order, credit card, debit card or payment can be made online at www.mhesq.com. Kindly note your account number and patient name on your payment in order to insure proper credit. Please be aware that this letter is not an implied or actual threat of a lawsuit on the debt referenced above.

Thank you for your anticipated cooperation.

Yours truly,
Michael Harrison

WE ARE A DEBT COLLECTOR. THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT THE DEBT WHICH IS THE SUBJECT OF THIS LETTER. ANY INFORMATION OBTAINED WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

NJ2/MHAR/709015712520 ✄ Please detach and return in the enclosed envelope with your payment     4906/000003242/000000013

------------------------------------------------------------------

**IF PAYING BY CREDIT CARD, FILL OUT BELOW.**

| VISA | MasterCard | DISCOVER | American Express® |
|---|---|---|---|

| CARD NUMBER | | SECURITY/CVV2 CODE |
|---|---|---|

| SIGNATURE | EXP. DATE |
|---|---|

| PRINTED NAME | ACCOUNT NUMBER OWH77292696 |
|---|---|

PATIENT NAME
Safia Begum

| BALANCE DUE $19,160.00 | SHOW AMOUNT PAID HERE |
|---|---|

# MH MICHAEL HARRISON
## ATTORNEY AT LAW
### 3155 STATE ROUTE 10 - SUITE 214
### DENVILLE, NJ 07834-3430

09/18/19

Safia Begum
25 Glenbrook Rd
Hicksville, NY 11801-4836

MICHAEL HARRISON ATTORNEY AT LAW
3155 STATE ROUTE 10 - SUITE 214
DENVILLE, NJ 07834-3430

EXHIBIT C

Michael Harrison,ESQ.  -  Attorney of Record – Atty ID#: 016121977
Stacy Fronapfel,ESQ. - Filing Attorney – Atty ID#: 023312002
MICHAEL HARRISON, ESQ.
3155 Rt. 10 E., Suite 214
Denville, NJ  07834
(973) 361-9271
Attorney for Plaintiff

|  |  |  |
|---|---|---|
| OB/GYN WOMEN S WELLNESS,PC | : | HUDSON COUNTY SPECIAL CIVIL PART SUPERIOR COURT LAW DIVISION |
|  | : |  |
| Plaintiff(s) | : |  |
| v. | : | Docket No |
|  | : |  |
| BEGUM,SAFIA | : | Civil Action |
|  | : |  |
|  | : | ***Complaint*** |
| Defendant(s) | : |  |

Plaintiff, whose business address is  1040 CLIFTON AVE 2ND FLR , CLIFTON NJ 07013 complaining of the defendant(s) says that:


FIRST COUNT:    The plaintiff(s) sues the defendant(s) for $15,000.00 goods sold and delivered and/or services rendered by the plaintiff(s) to the defendant(s), upon the promise by the defendant(s) to pay the agreed amount as set forth in the account(s) listed below.  Payment has been demanded and has not been made.
SECOND COUNT: The plaintiff(s) sues the defendant(s) for the reasonable value of goods sold and delivered and/or services rendered by the plaintiff(s) to the defendant(s) upon the promise of the defendant(s) to pay a reasonable price for same for the account(s) listed below.  Payment has been demanded and has not been made.
THIRD COUNT:    Defendant(s) has been unjustly enriched, having received services from plaintiff without paying for same.$15,000.00

Account(s):

| **OWH** | **77292696** | **BEGUM,SAFIA** | **$15,000.00** |
|---|---|---|---|

WHEREFORE, plaintiff(s) demands judgment as alleged together with lawful interest and costs of suit. I certify that the within matter is not the subject of any other action, arbitration or judicial proceedings and, that based upon present knowledge, there are no other additional parties to be joined in this action.
**ATTORNEY FOR PLAINTIFF CERTIFIES THAT  CONFIDENTIAL  PERSONAL IDENTIFIERS HAVE BEEN REDACTED FROM DOCUMENTS NOW SUBMITTED TO THE COURT AND WILL BE REDACTED  FROM ALL DOCUMENTS SUBMITTED IN THE FUTURE  IN ACCORDANCE WITH RULE 1:38-7(b).**

Dated:  September 25,2019          s/ MICHAEL HARRISON
                                      MICHAEL HARRISON, ATTORNEY FOR PLAINTIFF



| Court's Address and Phone Number: | Superior Court of New Jersey |
|---|---|
| HUDSON Special Civil Part | Law Division, Special Civil Part |
| 595 NEWARK AVENUE, ROOM 104 | HUDSON  County |
| JERSEY CITY, NJ 07306-0000 | Docket No: **HUD-DC-012024-19** |
| 201-748-4400 ext.66680 | **Civil Action** |
| | CONTRACT DISPUTE |

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)** | **Person or Business Being Sued (*Defendant*)** |
|---|---|
| OB/GYN WOMEN S WELLNESS,PC | SAFIA BEGUM |

**Plaintiff's Attorney Information**

MICHAEL S HARRISON
MICHAEL S. HARRISON
3155 ROUTE 10 EAST SUITE 214
DENVILLE, NJ 07834-0000
973-361-9271

**The Person or Business Suing You Claims You Owe the Following:**

| | |
|---|---|
| Demand Amount | $15000.00 |
| Filing Fee | $75.00 |
| Service Fee | $7.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$15082.00** |

**FOR JUDICIARY USE ONLY**

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe.  **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs.  You have 35 days from the date of service to file your answer or a signed agreement.**  If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment.  The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 11/08/2019, OR THE COURT MAY RULE AGAINST YOU.  IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. ***Answer the complaint***.  An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms.  If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: ***Treasurer, State of New Jersey***.  Include **HUD-DC-012024-19** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney.  If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail.  This MUST be done at the same time you file your Answer with the court on or before **11/08/2019**.

2. ***Resolve the dispute.***  Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute.  The plaintiff may agree to accept payment arrangements.  If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **11/08/2019**.

**Please Note - You may wish to get an attorney to represent you.**  If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 201-792-6363. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 201-798-2727. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

**/s/ Michelle M. Smith**

Clerk of the Superior Court



| Dirección y teléfono del tribunal<br>Parte Civil Especial de HUDSON<br>595 NEWARK AVENUE, ROOM 104<br>JERSEY CITY, NJ 07306-0000<br>201-748-4400 ext.66680 | **El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br>Condado de **HUDSON**<br>Número del expediente **HUD-DC-012024-19**<br>**Demanda de Acción Civil**<br>NOTIFICACIÓN DE DEMANDA<br>CONTRACT DISPUTE |

## ¡LE ESTÁN DEMANDANDO!

| Persona o entidad comercial que le está demandando *(el demandante)*<br><br>OB/GYN WOMEN S WELLNESS,PC<br><br><br>**Información sobre el abogado del demandante**<br><br> MICHAEL S HARRISON<br> MICHAEL S. HARRISON<br>3155 ROUTE 10 EAST SUITE 214<br>DENVILLE, NJ 07834-0000<br>973-361-9271 | Persona o comercial ser demandada *(el demandado)*<br>SAFIA BEGUM |
|---|---|

| Persona o comercial ser demandada *(el demandado)* | |
|---|---|
| **La persona o comercial que le está demandando afirma que usted le debe lo siguiente:** | |
| Cantidad a la vista | $15000.00 |
| Tasa judicial | $75.00 |
| Cargo del emplazamiento | $7.00 |
| Honorarios del abogado | $0.00 |
| **TOTAL** | **$15082.00** |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 11/08/2019 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED <u>NO ESTÁ DE ACUERDO</u> CON EL DEMANDANTE, DEBE HACER <u>UNA</u> DE LAS SIGUIENTES COSAS O LAS DOS:**

1. *Responder a la demanda*. Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial <u>njcourts.gov</u> bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:

   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "***Treasurer, State of New Jersey***" (Tesorero del Estado de Nueva Jersey). Incluya **HUD-DC-012024-19** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el <u>11/08/2019.</u>

   2. *Resolver la disputa*. Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregue personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el <u>11/08/2019.</u>

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 201-792-6363. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 201-798-2727. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ **Michelle M. Smith**

Subsecretario(a) del Tribunal Superior