UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SAFIA BEGUM, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

MICHAEL HARRISON,

    Defendant.

Civ. No. 20-13321 (KM) (ESK)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

    Safia Begum incurred a debt which Michael Harrison, an attorney representing the creditor, sought to collect through an action in New Jersey state court. After the parties settled and dismissed that action, Begum sued Harrison in this Court asserting a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o. Harrison moves to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that preclusion principles bar this suit. (DE 8.)[1] For the following reasons, the motion to dismiss is **DENIED**.

### I.   BACKGROUND

    Begum received medical services from OB/GYN Women's Wellness and incurred a debt as a result. (Compl. ¶ 16.) She received these medical services in Passaic or Bergen Counties, New Jersey. (*Id.* ¶ 17.)

    Women's Wellness hired Harrison to represent it as counsel in connection with efforts to collect the debt from Begum. (*Id.* ¶ 21; DE 8-3 at 10.)

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Compl. = Complaint (DE 1)

    Mot. = Brief in Support of Harrison's Motion to Dismiss (DE 8-1)

    Reply = Reply Brief in Support of Harrison's Motion to Dismiss (DE 15)

Harrison mailed two collection letters to Begum's home in New York. (Compl. ¶¶ 23–24.) Five days later, he filed a lawsuit, as counsel for Women's Wellness as plaintiff, against Begum to collect the debt in the New Jersey Superior Court, Hudson County. (*Id.* ¶ 25; DE 8-3 at 10.) [2] Begum answered, asserting affirmative defenses and third-party claims against her health insurer. (DE 8-3 at 1–9.) Women's Wellness and Begum settled, and Harrison filed a stipulation of dismissal on their behalf providing that the "matter is dismissed in its entirety with prejudice." (DE 8-5 at 1.)

Thereafter, Begum sued Harrison in this Court, asserting a single FDCPA claim based primarily on the allegation that Harrison filed a collection action in a county where (a) Begum did not reside and (b) the contract was not signed. (Compl. ¶¶ 45–47 (citing, *e.g.*, 15 U.S.C. § 1692i(a)(2)).) Harrison moves to dismiss, arguing that the claim is barred by New Jersey's entire controversy doctrine, claim preclusion, or issue preclusion. (Mot.)

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v.*

---

[2]  Thus, the sense in which Begum's complaint here alleges that Women's Wellness "assigned" the debt to Harrison for collection is unclear, and perhaps inaccurate, in that this fact is not within Begum's direct knowledge. (Compl. ¶ 21.) The state collection action was brought by Women's Wellness as plaintiff and owner of the debt, with Harrison acting as its attorney.

2

*Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc). Nonetheless, on a Rule 12(b)(6) motion based on preclusion, I may consider documents filed in a state-court action. *Aliperio v. Bank of Am., N.A.*, Civ. No. 16-1008, 2016 WL 7229114, at *6 (D.N.J. Dec. 13, 2016), *aff'd*, 764 F. App'x 236 (3d Cir. 2019) (per curiam).

## III. DISCUSSION

Harrison argues that the state-court collection action bars this suit based on the entire controversy doctrine, claim preclusion, or issue preclusion. I discuss each in turn.

### A. Entire Controversy Doctrine

The entire controversy doctrine is a New Jersey-specific doctrine[3] that bars later-filed claims which a party could have asserted in a previous case. *Bank Leumi USA v. Kloss*, 233 A.3d 536, 540–41 (N.J. 2020). In essence, the doctrine is a more robust form of preclusion, "preclud[ing] . . . *all claims* that a party could and should have joined in a prior case." *Kaul v. Christie*, 372 F. Supp. 3d 206, 238 (D.N.J. 2019), *appeal dismissed*, No. 19-1651, 2019 WL 4733531 (3d Cir. June 20, 2019). The doctrine bars a subsequent claim if the claim "arise[s] from related facts or the same transaction or series of transactions" that were the subject of the previous suit. *United States ex rel. Charte v. Am. Tutor, Inc.*, 934 F.3d 346, 352 (3d Cir. 2019) (citation omitted).

The Third Circuit addressed, albeit in a non-precedential opinion, how the doctrine applies to similar circumstances. In *Jackson v. Midland Funding LLC*, a debt collector (Midland) filed but later dismissed an action in New Jersey state court to collect a six-year-old debt. 468 F. App'x 123, 124–25 (3rd Cir. 2012). The debtor (Jackson) then commenced a federal action against Midland, alleging that Midland violated the FDCPA by filing a time-barred collection action. *Id.* at 125. The Third Circuit held that the entire controversy doctrine

---

[3] Because the allegedly preclusive judgment comes from a New Jersey court, I apply New Jersey preclusion principles, including the entire controversy doctrine. *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997).

did not bar the FDCPA claim because "different operative facts underlie the federal court action and the state court action." *Id.* The state-court action "sought to collect a debt, and would have explored whether Mrs. Jackson had incurred that debt, whether she had defaulted on it, and what remedy would have been appropriate." *Id.* at 126. In contrast, "[t]he prosecution and ultimate withdrawal of the state court proceeding form the basis of the alleged violation of the FDCPA." *Id.* At bottom, the state-court action was about the debt itself, whereas the federal-court action was about efforts to collect the debt. *Id.* Thus, while the actions were related, they did not arise from the same *transaction. Id.*

The same can be said here. One can violate the FDCPA by the manner in which one seeks to collect a valid debt. One can employ entirely legitimate means to collect a debt that turns out to be mistaken or invalid. The two are distinct.

Here, the state-court action was brought on behalf of Women's Wellness by its attorney/debt collector, Harrison. The issues in that action were between the creditor and the debtor, and they concerned the validity and amount of the debt. Whether counsel, in his role as debt collector, violated the FDCPA in his selection of venue is distinct from the substantive issues of the amount or validity of the debt. *See Estate of Torsiello ex rel. Torsiello v. McGovern Legal Servs., LLC*, Civ. No. 14-3814, 2014 WL 4758024, at *5 (D.N.J. Sept. 24, 2014) (considering, when declining to apply the entire controversy doctrine to an FDCPA action, that FDCPA liability is separate from the validity of the debt).[4] This case is about the conduct of the state-court litigation, but the state-court action was about the underlying debt itself.[5]

---

[4]   Indeed, the defendant's rejected claim of relatedness in *Jackson* was a bit more straightforward. There, the debt collector was both the plaintiff in the state-court action and the defendant in the federal-court action; here, the creditor itself was the plaintiff in the state-court action, but the creditor's debt collector/attorney is the defendant in the federal-court action.

[5]   The entire controversy doctrine generally must be invoked by a person who was a party to the prior suit. *Kaul*, 372 F. Supp. 3d at 239. But courts will apply the doctrine if the party was in privity with a party in the prior suit. *Id.* There is persuasive

4

Harrison tries to distinguish *Jackson* by arguing that there, Midland made an "eleventh-hour withdrawal" of the state-court suit, which, according to Jackson, "completed the pattern of 'unfair or unconscionable means' used by Midland to attempt to collect the debt." *Jackson*, 468 F. App'x at 126. (Reply at 13–14.) True, the Third Circuit considered that it was actually impossible for Jackson to have filed a counterclaim in the state-court action based on Midland's withdrawal of the action. *Jackson*, 468 F. App'x at 126. But the Third Circuit also explained that the alleged FDCPA violation was based on allegations that "Midland was well aware of the staleness of [Jackson's] debt" yet "improperly filed the collection action against her anyway." *Id.* In other words, the Third Circuit's rejection of the entire controversy doctrine did not hinge on the fact that the FDCPA violation was not completed in time for Jackson to file FDCPA claims in the state-court action. Indeed, Judge Thompson, applying *Jackson*, held that the doctrine did not bar an FDCPA claim based on misrepresentations of the debt in pleadings filed in a state-court collection suit—conduct that was certainly complete in time for the debtor to assert claims based thereon. *Torsiello, LLC*, 2014 WL 4758024, at *5. Thus, Harrison has pointed out a distinction without a difference.

At bottom, it is not fair to apply the doctrine here. The doctrine's "application is left to judicial discretion," and "[a] court should not preclude a claim . . . if such a remedy would be unfair in the totality of the circumstances." *Bank Leumi*, 233 A.3d at 541 (citation omitted). As Judge Thompson explained, Congress's purpose in passing the FDCPA was to create a *federal* cause of action for unscrupulous collections *separate from* a debt's underlying validity. *Torsiello, LLC*, 2014 WL 4758024, at *5. It is thus unfair

---

authority for the proposition that attorneys are in privity with their clients. *Lewis v. O'Donnell*, 674 F. App'x 234, 237 n.5 (3d Cir. 2017) (per curiam) (attorneys were in privity, at least for claim-preclusion purposes in subsequent FDCPA suit, with mortgagee they represented in foreclosure action). So I assume for purposes of analysis that a lack of privity would not prevent application of the entire controversy doctrine.

and contrary to the legislative objectives to collapse the two, holding that debtors must assert their FDCPA claims against third parties in a narrowly focused, state collection action. *Id.* Accordingly, to the extent the motion to dismiss is based on the entire controversy doctrine, it will be denied.

**B. Claim Preclusion**

Harrison argues that the closely related doctrine of claim preclusion (also known as res judicata) bars Begum's suit. New Jersey recognizes claim preclusion in addition to the entire controversy doctrine. *Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27–28 (N.J. 2015). Claim preclusion requires (1) a final judgment on the merits in the prior action, (2) parties who are identical to or in privity with those in the prior action, and (3) "the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *McNeil v. Legis. Apportionment Comm'n*, 828 A.2d 840, 859 (N.J. 2003) (citation omitted). "Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.* (citation omitted).

For the same reasons given above, the FDCPA claim did not arise from the same occurrence that gave rise to the collection action.[6] That is, the occurrence that gave rise to the collection action was the debt itself, but the occurrence that gave rise to this FDCPA action was Harrison's litigation tactic. Therefore, claim preclusion does not bar the FDCPA claim. *See Tobing v. Parker McCay, P.A.*, Civ. No. 17-474, 2018 WL 2002799, *8 (D.N.J. Apr. 30, 2018) (claim preclusion did not apply to bar claims that defendants violated FDCPA in litigating a foreclosure action); *Matute v. A.A. Action Collection Co.*, Civ. No. 16-8863, 2017 U.S. Dist. LEXIS 91537, at *12–13 (D.N.J. June 13, 2017) ("[T]he preclusive effect of the earlier judgments is not self-evident—the Small Claims Court actions addressed the Matutes' alleged debts and this matter

---

[6] Nonetheless, the other two elements appear to be present. *See Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610–11 (3d Cir. 2020) (voluntary dismissal with prejudice is a final judgment on the merits); *Lewis*, 674 F. App'x at 237 n.5 (attorneys were in privity with their clients).

attacks the conduct underlying the debt collection . . . ."). To the extent the motion to dismiss is based on claim preclusion, it will be denied.

### C. Issue Preclusion

Harrison argues that issue preclusion (also called collateral estoppel) bars this suit. Issue preclusion bars relitigation of issues (as opposed to claims) if, in a prior suit, the issue was "(1) actually litigated; (2) previously determined; and (3) necessary to the previous judgment." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 743 n.9 (3d Cir. 2021); *accord Adelman v. BSI Fin. Servs., Inc.*, 179 A.3d 431, 436 (N.J. Super. Ct. App. Div. 2018). Issue preclusion thus differs from claim preclusion in that it applies to matters actually decided, whereas because "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020).

I will not apply issue preclusion for two reasons. First, Harrison's moving brief does not attempt to explain which FDCPA issues were previously decided in the prior action. (*See* Mot. at 16–17.) Issue preclusion is an affirmative defense, *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010) (citation omitted), so Harrison bore the burden to show its application was apparent from the face of the complaint, *see Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018). The failure to provide argument on an issue for which a party bears the burden results in a forfeiture. *See Baldeo v. City of Paterson*, Civ. No. Civ. No. 18-5359, 2020 WL 7778084, at *9 (D.N.J. Dec. 31, 2020); *see also Matute*, 2017 U.S. Dist. LEXIS 91537, at *12–13 (declining to apply preclusion when the defendant had devoted only passing argument in its motion to dismiss).

Second, and regardless, documents from the prior case do not indicate that FDCPA issues were raised, let alone decided, in the collection action. Accordingly, I would not have a basis to apply issue preclusion *sua sponte,* even if I were inclined to do so.

Thus, to the extent the motion to dismiss is based on issue preclusion, it will be denied.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss the complaint is denied. A separate order will issue.

Dated: May 3, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**